Does, J.
(dissenting). Plaintiff gave defendant an exclusive mass production contract for plaintiff’s original invention. Defendant agreed “ to produce and make the same for mass production sales * * * and * * * to promote, market and ship same under our [defendant’s] own expense.” Defendant agreed to pay 5% on the first $100,000 net sales and guaranteed a minimum for the first year of not less than $50,000 net sales. Defendant also expressly agreed “ to have production samples of your toy item ready for market complete with printed containers ” by January 2,1949. Plaintiff gave defendant an option to cancel the contract after the toy show (ending March 17,1949), provided notice was given before April 1, 1949.
Implicit in the agreement was defendant’s duty to produce and ship, up to the date when it could legally have cancelled. By defendant’s own wrong it produced nothing and shipped nothing and, accordingly, one basis for damages, full royalties for any goods shipped up to April 1, 1949, was rendered inapplicable. No goods were produced or shipped under the agreement only because the defendant breached it. Defendant should *418 not now be permitted to profit by its own wrong by making the failure to ship goods the basis for holding that the plaintiff had failed to establish any actual or substantial damages.
Defendant made no production samples ready for the market and gave notice to cancel on February 2, 1949, before the toy show and was thus guilty of two anticipatory breaches of the contract. The record indicates that defendant simply decided it had made a bad bargain and completely breached all its obligations to plaintiff under the contract. In that state of facts plaintiff should not be denied damages. By total nonperformance, defendant has breached its duty, damaged plaintiff, and eliminated every other basis for damages except the minimum guaranteed by defendant for the first year. That is the amount awarded by the trial court and unanimously affirmed by the Appellate Term.
Accordingly, I dissent and vote to affirm.
Peck, P. J., Cohn, Callahan and Van Voorhis, JJ., concur in Per Curiam opinion; Dore, J., dissents and votes to affirm in opinion.
Determination modified in accordance with opinion herein, with costs to the appellant. Settle order on notice. [See 278 App. Div. 554.]